UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| BOARD OF TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL UNION NO. 445 FREIGHT DIVISION BENEFIT FUNDS,<br><br>      Plaintiffs,<br><br>-against-<br><br>A & W PRODUCTS CO., INC.,<br><br>      Defendant. | Index No.: 23-11<br><br>**COMPLAINT** |

---

Plaintiffs, Board of Trustees of the International Brotherhood of Teamsters Local Union No. 445 Freight Division Benefit Funds, (hereinafter referred to as the "Funds") by their attorneys Barnes, Iaccarino & Shepherd LLP allege as follows:

## JURISDICTION AND VENUE

1. This civil action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities for monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure

performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions and/or reports to the Plaintiffs in a timely fashion.

## PARTIES

5. The Plaintiff Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)).  The Funds are established and maintained by the International Brotherhood of Teamsters Local Union No. 445 (hereinafter referred to as the "Union") and various Employers pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)).  The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145).  Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents pursuant to a Collective Bargaining Agreement (hereinafter referred to as the "C.B.A.") between an Employer and the Union.  The Plaintiff Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the C.B.A. and Trust Indentures that concern the protection of employee benefit rights.

7. The Funds' principal office is located and administered at 15 Stone Castle Road, Rock Tavern, New York 12575 in Orange County.

8. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in

Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

9.  Upon information and belief, the Defendant, A & W Products Co., Inc., (hereinafter referred to as "the Employer" or the "Defendant") at all relevant times, was and is an "employer" within the meaning of Sections 3(5), (11) and (12) of ERISA (29 U.S.C. Sections 1002(5), (11) and (12), and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

10. Defendant as an Employer of employees covered by employee benefit plans and multiemployer plans maintained and defined in ERISA, 29 U.S.C. Section 1002 (3) and (37), is a party in interest with respect to the employee benefit plans as defined in ERISA Section 3(14) (29 U.S.C. Section 1002(14) and is obligated to make contributions to the plans in accordance with ERISA Section 515 (29 U.S.C. Section 1145). To the extent the Defendant exercised authority and/or control with respect to the management or disposition of assets of an ERISA covered plan, the Defendant is a fiduciary within the meaning of ERISA Section 3(21)(A) (29 U.S.C. Section 1002(21)(A).

11. Upon information and belief, the Defendant was and is a for-profit domestic corporation with its principal place of business at 14 Gardner Street, Port Jervis, NY 12771 in the County of Orange.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

12. The Defendant was party to C.B.A. with the Union and operated with an intent to be bound by the C.B.A. with the Union.

13. The C.B.A. requires the Defendant to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth

in the C.B.A. and any increases thereto, for all work performed by its employees covered by the C.B.A. and to remit such monetary contributions in accordance with the C.B.A.

14. Upon information and belief, as a result of work performed by the individual employees of the Defendant pursuant to the C.B.A., there became due and owing to the Plaintiffs from the Defendant contribution reports, fringe benefit contributions, and late charges.

15. The Defendant has failed and refused to remit to the Plaintiffs those reports and fringe benefit contributions for the period September 1, 2021 through to and including November 30, 2022 in the minimum amount of $18,758.25.

16. These amounts described in Paragraph 15 above are due and owing to the Plaintiffs and are actual amounts for the period September 2021 through August 2022 based upon reports submitted by the Defendant and are estimated for the period September 2022 through November 2022 based upon previous submitted reports. The Plaintiffs are without sufficient information to plead the exact amount of the Defendant's delinquency for the period September 2022 through November 2022 since the documents, records and information necessary to determine the liability are in the exclusive possession, custody and control of the Defendant. The Defendant has failed in its self-reporting contractual and statutory obligations and duties.

17. The Employer has also failed and refused to remit to the Funds for the period September 1, 2021 through to and including August 27, 2022, late charges due and owing under the C.B.A. and in accordance with the Funds' Policy for Collection of Delinquent Contributions in the amount of $1,455.83.

18. The Defendant's failure, refusal or neglect to remit the proper contributions, reports, and late charges to the Plaintiffs constitutes a violation of the C.B.A. between the Defendant and the Union wherein the Plaintiffs are third party beneficiaries.

19. Pursuant to the C.B.A. and the Policy for Collection of Delinquent Contributions established by the Board of Trustees of the Funds (hereinafter referred to as the "Policy") upon the Defendant's

failure to timely remit payment of fringe benefit contributions same shall be subject to interest at the rate of 5% per annum and liquidated damages at the rate of 5% of the delinquent contributions. In addition, if enforcement or collection procedures shall be commenced against an employer, such employer shall be required to pay attorneys' fees and costs incurred in the collection of the contributions.

20. Accordingly, pursuant to the C.B.A., the Defendant is liable to Plaintiffs in the minimum amount of $18,758.25 in unpaid contributions plus interest and liquidated damages, and $1,455.83 in late charges, plus attorneys' fees, court costs and disbursements.

## AS AND FOR A SECOND CLAIM FOR RELIEF

21. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "20" of this Complaint as if fully set forth at length herein.

22. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the C.B.A.

23. The Defendant has failed to pay or timely pay the fringe benefit contributions and/or submit the contribution reports to Plaintiffs owed as a result of work performed by individual employees of the Defendant. Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

24. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145), which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiffs' fund the unpaid fringe benefit contributions and interest and liquidated damages on the unpaid principal amount due, together with attorneys' fees, court costs and disbursements incurred in the action.

25. The failure to pay has injured the Plaintiffs by delaying the investment of contributions and causing unnecessary administrative costs for the Plaintiffs and has injured the participants and

beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and potentially higher contribution amounts.

26. Accordingly, the Defendant is liable to Plaintiffs under the C.B.A. and any Policy concerning the payment of fringe benefit contributions and late charges, and under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

27. Accordingly, the Defendant is liable to the Plaintiffs and Union in the minimum principal amount of $18,758.25 in unpaid contributions, and $1,455.83 in late charges, plus liquidated damages, interest, attorneys' fees, court costs and disbursements pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

## AS AND FOR A THIRD CLAIM FOR RELIEF

28. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "27" of this Complaint as if set forth at length herein.

29. Pursuant to ERISA and the C.B.A, the Defendant is required to timely submit current fringe benefit contributions, and reports to Plaintiffs.

30. During the course of the instant action, additional contributions and/or delinquency charges may become due and owing.  If Defendant fails to pay the contributions and/or delinquency charges, as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against Defendant as follows:

On the First and Second Claims for Relief:

(a)  In the minimum sum of **$18,758.25**, representing benefit fund contributions for the period September 1, 2021 through to and including November 30, 2022, plus interest, liquidated damages, attorneys' fees, court costs and disbursements; in the minimum sum of **$1,455.83** representing late charges for the period September 1, 2021 through to and including August 27, 2022, all in accordance with ERISA, the Collective Bargaining Agreement and the Policy for Collection of Delinquent Contributions; and

On the Third for Relief

 (b) Damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the course of the instant action, which amount shall include the principal plus interest and liquidated damages.

On all Claims for Relief:

 (c) For such other and further relief as to the Court deems appropriate.

Dated: Elmsford, New York
   January 3, 2023       Respectfully submitted,

                BARNES, IACCARINO &
                SHEPHERD LLP

                <u>/s/Dana L. Henke</u>
                Dana L. Henke, Esq.
                Attorneys for Plaintiffs
                258 Saw Mill River Road
                Elmsford, New York 10523
                (914) 592-1515
                dhenke@bislawfirm.com